IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CONSTANCE A. CAPP,** | ) | **CASE NO. 4:04CV3367** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the motion to reverse and remand filed by the Commissioner (Filing No. 13) and the Defendant's motion to extend time to respond to the Plaintiff's brief (Filing No. 12). The motion to reverse and remand is opposed. (Filing No. 14.)

The Commissioner requests an order and final judgment reversing the decision of the Administrative Law Judge ("ALJ") and remanding this case to the Commissioner pursuant to sentence four of Section 205(g), 42 U.S.C. § 405(g).[1] Counsel for the Commissioner has represented that, upon agency counsel's request, the Appeals Council reconsidered the case and determined that a remand was appropriate. Remand under sentence four of section 405(g) is requested for: a reevaluation of the Plaintiff's limitations; a more comprehensive comparison of the requirements of her past relevant work as required by Social Security Ruling 82-62; and possibly additional evidence, i.e. from a vocational expert and a medical expert in the area of mental health. However, in

---

[1] Sentence four provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

requesting the reversal and remand, the Commissioner does not concede that the Plaintiff is automatically entitled to benefits. (Filing No. 13.)

In response, the Plaintiff argues that she is entitled to an immediate benefit award at the district court level.

The Court finds that remand would ensure that the Plaintiff's claim is properly considered at the administrative level and possibly make judicial review unnecessary. In the interest of justice and judicial resources, the motion will be granted. On remand, the ALJ is directed to: reevaluate the Plaintiff's limitations; provide a more comprehensive comparison of the requirements of the Plaintiff's past relevant work as required by Social Security Ruling 82-62; and, as necessary, obtain additional evidence from a vocational expert and/or a medical expert in the area of mental health.

Finally, the entry of final judgment in this matter triggers the appeal period that determines the 30-day period during which a timely application for attorney fees may be made under the Equal Access to Justice Act.

IT IS ORDERED:

1. The Defendant's motion to reverse and remand (Filing No. 13) is granted;
2. The Plaintiff's objection (Filing No. 14) to the motion to reverse and remand is denied;
3. The decision of the ALJ is reversed;
4. This action is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order;

5. The Defendant's motion to extend time to respond to the Plaintiff's brief (Filing No. 12) is denied as moot; and

6. Judgment will be entered in a separate document.

DATED this 4th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge